Ensign-Bickford Aerospace Ensign-Bickford Aerospace    Ensign-Bickford Aerospace Mr. Leach. Thank you, Your Honor, if it please the Court. I know you've read the briefs. I want to start my argument taking on the contention by the athletes that the court did not adjudicate the merits of the torturous interference claim. In this case, it's undisputed that the court dismissed Count 4 of the complaint, the torturous interference claim, with prejudice. That operates as an adjudication on the merits. The court should not, and could not, enter judgment for Pacific Scientific in general when the court had adjudicated the merits of Count 4 of the complaint in favor of appellant... What do you want us to do then, Mr. Leach? Your Honor, I'd like for the court to reverse the judgment. You don't have to remand it. There is no dispute on the facts. Render judgment for Ensign-Bickford on Count 4 of the complaint. And then I would ask the court to vacate the judgment on Counts 1, 2, and 3 and to dismiss them. You're asking us essentially to clarify, to make a clarification. No, I'm asking you to reverse the incorrect judgment. Did you make this argument below? Oh, absolutely. My problem is that I've got a case now pending in the Court of Federal Claims. I understand what your problem is. Did you make this argument below? Absolutely. That the court was entering a wrong judgment? Yes, I did. What was the argument you made below in that regard? Your Honor, I can probably be more specific on remand, but it is in the record, I believe, towards the end at... I do remember exactly what our arguments were. You can just tell us what the argument was. Thank you. Our arguments below were that the court should not enter the judgment proposed by Pacific Scientific because the court had determined Count 4 in favor of Ensign-Bickford and that the proposed judgment that they submitted did not reflect the judgment of the court. In addition, we argued that the court having determined that it did not have to... I understand that part. Once the judge heard the arguments and then devised the order and entered it, did you move for reconsideration or did you argue after that point in time once it was established what the order was? No, I couldn't because under Arizona applicable rules, you can't move for reconsideration and present an argument you've already presented. I had presented precisely this argument. I don't know what good it would have done to have moved for reconsideration and simply offered the same argument. In fact, I would have been violating local rules. A correction? Pardon? Even asking for a correction? That's essentially what you're asking is just to correct the form here to reflect what you perceive the substance to be, right? I already made precisely that argument. I've already argued that you could not enter this judgment because it did not reflect the disposition of the client. So if I'd asked the court to correct it, I'd be simply re-arguing the point that... The judge's position was that that count was out of the case already because you'd already prevailed. I don't think that's clear from the proceedings because in this case, all the counts were out of the case by the point the court entered judgment in April of 2013. And at that point in time, Pacific Scientific asked the court to enter judgment to show, you know, to own all the claims. But isn't that, it was OPEC, all remaining claims? No, the other claims that were gone before the count four was. The claims one, two, and three were gone on December 21, 2012. The count four was dismissed later. Well, what are the implications here? You've won on all counts. Why are you so concerned? Because the judgment's incorrect. I mean, the judgment entered by court is the final determination of the court. If in a later case, you, if you want to assert... In the case that comes up, you point out that count four was dismissed without, with prejudice at an earlier point. But, Your Honor, the judgment was entered after that count four was dismissed. Judgment was entered and... Did it change that? Did it say, I hereby reinstate count four? I'm looking at the whole judgment order right here. It says nothing. But, Your Honor, the counts one, two, and three were gone in December. Then in January, count four was knocked out. And then in April, the court just enters judgment in favor of Pacific Scientific. And I think that the court's judgment was erroneous to enter judgment in favor of Pacific Scientific as well. You fear that a later court, maybe in this state claim that you have that's currently pending, that the judge is going to look at that and make some sort of an adverse ruling. I don't see how quite a court would do that. I don't see what your problem is. To be frank, I've had great difficulty understanding what it is that we're to do in this case. Your Honor, I... We cannot solve your prospective problem in the state court. Yes, you can by making sure that the judgment reflects that a proper judgment is entered on the claim. Was it? What are you lacking? A judgment that reflects the... Is the count four dismissed with prejudice? It was. Is that clear on the record? Why do you need it to be said for a third or fourth time? Because the judgment is the judgment of the court. I'll have to... It's been done. Judgments often come in layers. We don't go back and restate what we did on the first day of a three-year trial. But it's the only judgment. If there was a separate judgment entered on count four, I wouldn't have the problem I've got. There was no judgment entered. It was dismissed with prejudice, right? It says in accordance with this order and this order. So it has to be construed under that in accordance with. And the accordance is you won on that part. But the record doesn't really reflect that. If you look at page 606 of the appendix, the order was under seal. It's not publicly available. So the December 21 order, December 21, 2012 order is not publicly available. So how does someone in the position of Vincent Beckford demonstrate what the record was? Why should a patent owner have to go back in a later court and litigate what judgment was actually entered when this court couldn't? One way is to ask that court, well, I have an order under seal. I'd like for the court to look at this in camera. And you'll note that this count four was dismissed with prejudice. I won. Well, Your Honor, I have a separate argument on the validity of the judgment entered on counts one, two, and three. But if it's the only judgment the court enters, and it's a general judgment in favor of Pacific Scientific, if I read this court's precedence, a judgment that's not supported by the record cannot be allowed to stand. And so you'd be going against your precedence if you allowed a district court to enter a general judgment in favor of one party when the actual disposition of the claims was that the only claim that was adjudicated on the merits was adjudicated in favor of the other party. The court never reached the merits of the patent claims. In this case, those patent claims were declaratory judgment claims, and the court determined them on Section 1498, which I think is tantamount to a finding of no personal jurisdiction or improper venue. The court determined that the patent owner had to make a claim in the- Let's go to Mr. Obalon and see if he can tell us anything further about this. Thank you, Your Honor. Thank you, Mr. Leach. Mr. Obalon, once again- Wait, let me reset the time. There we go. Good morning, Your Honors. I'd like to first just clarify something. There was no victory for Ensign Bickford in this case. They didn't win on any of the counts. So let's just walk through what the counts are. There's declaratory judgment of non-infringement and invalidity. That's what started this in our complaint, and that was dismissed as moot. So neither side won on that. Then there was the tortious interference claim that we added. That's the count four. That one was voluntarily dismissed with prejudice by us. They opposed our motion to voluntarily dismiss it, and we prevailed on that. They didn't win on that. It was dismissed voluntarily. Now, as Mr. Leach states, a dismissal with prejudice acts as an adjudication on the merits, but it's on the merits without a prevailing party. There's lots of case law out there that say that if you voluntarily dismiss- Is this about attorney fees then? Is that what we're talking about? I don't know what this appeal is about, Your Honor, to be honest. But the issue for us- But you're right. About a malicious prosecution. Right. You're right, Your Honor. We couldn't seek attorney fees, and neither could they, because there's an adjudication on the merits. That just means that there's res judicata effect. We can't bring a case again on tortious interference on those facts. But that's not to say that if we had continued that we wouldn't have won. Shouldn't there be a clear court order saying that the other side prevailed because the three counts of declaratory judgment you sought were dismissed as moot? You lost on that. No. Well, and then count four, your counterclaim, that was dismissed by prejudice. How did you not lose if they were dismissed? Okay, I'm not sure which question to take first. It doesn't matter. It doesn't matter. How do you not lose if you're dismissed? Your Honor, we brought a D.J. complaint for non-infringement and invalidity. Then they filed their compulsory counterclaim. As soon as they filed their compulsory counterclaim, our 1498 affirmative defense sprang into action. That showed, and we were able to prove it on summary judgment, which was bitterly contested, that there can be no liability because everything that we do is by or for use of the government. Because of that, and that's what the court said, because of that, the issues were moot about declaratory judgment. There was no longer a case or controversy. It's not that we lost. It's that that became moot because we prevailed on our summary judgment in response to their counterclaim. So it's not a loss. With regard to the tortious interference, it's absolutely not a loss. By voluntarily dismissing, we're saying we don't want to pursue this anymore. But what if you look at what you just said from the other angle? Yes. I mean, you're the one that filed suit against them. Right. Seeking declaratory judgment, and the judge dismissed them as moot. Right. Wouldn't they be saying, well, we won on this? I mean, we have no liability? There's no judgment? There's no declaratory judgment on this or moot? They never would have had a liability, because declaratory judgment of non-infringement means we're seeking to clear the air. We're seeking a declaration that we don't infringe. The district court judge properly found that because we won on the affirmative defense to their patent infringement counterclaim, that there's no longer a case or controversy. But that doesn't mean that they won anything. And we didn't win anything on that either. We won that we're not going to get sued again. Don't talk when a judge is talking. I'm sorry. In effect, you're saying that it really doesn't matter whether you prevailed or not, because there can be no cause of action against you. That's right, Your Honor. That's why it's moot. And so that's why the victory on the motion for summary judgment on the affirmative defense of 1498 is what mattered. And that's why the district judge found, all right, now that we were there, it doesn't matter, because the civic scientific is no longer in jeopardy of being sued in the district court for patent infringement anymore, because it's been now declared that 1498 applies. Are you happy with the five-line order that you got from the district judge? Absolutely, Your Honor. This court looks at orders to assess error, not to be a line editor. And the issue here is that this order says all that it needs to. It's worded differently than what we had proposed, but it says all that it needs to because it refers to the only two orders in the case that are dispositive. The first order was that December 21st order, and it's very clear. It's on the first page of that order saying we grant summary judgment for Pacific Scientific on the 1498 defense, and the other claims are dismissed as moot. And then the second order on March 29th granting our motion for voluntarily dismissed. Now, Your Honors, that same order, the March 29th order, also considers their summary judgment motion and says I'm not going to consider it. They didn't win summary judgment of no tortious interference. There's no ruling on that. And, Your Honors, they're not appealing that. So about 15 pages of their brief about how we allegedly had no basis and so forth and all these things that they want to raise, the malicious prosecution case, if they want to do that and be so brazen, we'll certainly defend against that. But that's not what's at issue for this court. What's at issue for this court is who was the prevailing party. Pacific Scientific was the prevailing party because the only claim that was decided on the merits was the 1498 issue, and we prevailed. The issue about D.J., declaratory judgment, was mooted. And so that was dismissed without a decision on the merits. And the decision with regard to the tortious interference was voluntarily dismissed. And so that was not decided on the merits either. I just want to make clear, if we want to – oh, I'm sorry, Your Honor. You were about to – No, I know. You're starting to repeat yourself. Yes, I want to just make one last point, Your Honor. If we, we being Pacific Scientific, wanted to appeal the decision with regard to tortious interference, which we voluntarily dismissed, we would not be able to do so because that's not an adverse judgment against Pacific Scientific. A voluntary dismissal can never be an adverse judgment. So how can Ensign Bickford say that there's an error in the final judgment and then it should say that Ensign Bickford has won on it? That just doesn't make sense. Thank you, Your Honor. Thank you, Mr. O'Blawn. Mr. Leach. Your Honor, this case would present a bad precedent if a government contractor can file a declaratory judgment action in a district court and tie up a patent owner in district court litigation who would then be prohibited from seeking relief in the court of claims under 28 U.S.C. 1500 merely because the district court action is pending. In this case, when the court entered its judgment, it had already found that it had no subject matter jurisdiction. So under Rule 12H of the Federal Rules of Procedure, the court must dismiss. It can't enter judgment on the merits. This is a case where it's pure question of law. There really is no dispute of the facts.  And that the court was required to enter judgment for Ensign Bickford on Count 4, the count that was adjudicated on the merits in favor of Ensign Bickford as a result of the dismissal. Your opposing counsel says it was not adjudicated on the merits. It was done with a voluntary dismissal. But that is adjudication on the merits. That's why we can't appeal it. It's adjudication in our favor on the merits. I would also like to answer your question. Where did we argue this? In opposition to the motion. Can they appeal it? No, because they voluntarily dismissed it. But the judgment should be in favor of This isn't a question about appealability. It's a question about the judgment reflecting the disposition of the claims. At the appendix at page A441, A442, are the arguments that we offered in opposition to the proposed judgment where we told the court, Plaintiff's proposed judgment does not accurately reflect the disposition of plaintiff's claim for torturous interference with contract on Count 4 of the complaint. The complaint was dismissed with prejudice. Consequently, judgment should be entered in favor of Defendant Ensign on Count 4 of the complaint. Were those post-judgment arguments? Those arguments were argued in opposition to the judgment being entered. I want to know what you did after the court issued the judgment. You sought a clarification or correction of an error, and you're telling me you weren't able to do that. No, Your Honor. I would have just simply made that same argument again, which would not have been a proper grounds for reconsideration. We also argued that at page A442, that the proposed judgment doesn't accurately reflect the court's disposition to declaratory judgment claims in Counts 1, 2, and 3, because the court of defendant didn't have jurisdiction over those claims. So there shouldn't have been a judgment entered in favor of Defendant Ensign. I mean this with all due respect. Now, when you say that you didn't make those arguments post-judgment because the court had already heard them, but yet you're coming before us and making those very same arguments. It's my only remnant. They're my last, I hope. All right. Thank you, Mr. Leach.